UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREY INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-_____ |
| ) | |
| CAREY LIMO SERVICE INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### Introduction

1. This is an action for, *inter alia*, infringement of federally registered service marks under sections 32, 34, and 35 of the Federal Trademark Act, 11 U.S.C. §§ 1114, 1116, and 1117, based on Defendant's use of a name and mark likely to cause confusion or mistake or deception of purchasers as to the source of its services, and for cyberpiracy and false designation under sections 43(a) and (d) of the Federal Trademark Act, 15 U.S.C. §§ 1125(a) and (d), based on Defendant's registration of a CAREY formative as its domain name. Plaintiff seeks injunctive relief, transfer of the domain name, damages, and attorneys' fees.

### Jurisdiction and Venue

2. This case raises questions of, and arises in part under, federal trademark law. This Court has jurisdiction under 15 U.S.C. §§ 1114(1), 1121, and 1125(a) and (d), and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over pendent state law claims under 28 U.S.C. § 1338(b).

3. Personal jurisdiction over Defendant is proper based on the Defendant's residence in this judicial district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b).

## Parties

5. Plaintiff, Carey International, Inc., is a Delaware corporation with a principal place of business at 4530 Wisconsin Avenue, N.W., Washington, D.C.

6. Defendant, Carey Limo Service Inc., is a Massachusetts corporation with a principal place of business at 398 Columbus Avenue, Suite 653, Boston, Massachusetts.

## Facts and Claims

7. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. Plaintiff is the owner of the following federal registrations for the service mark CAREY and the service mark CAREY plus design (respectively, the "Registered CAREY Word Mark" and the "Registered CAREY Design Mark"; together, the "Registered CAREY Marks"). Copies of the Registered CAREY Word Mark and the Registered CAREY Design Mark are attached hereto as Exhibits A and B, respectively. Both registrations are incontestable pursuant to section 15 of the Federal Trademark Act, 15 U.S.C. § 1065:

| Mark | Reg. No. | Reg. Date | Class | Goods/Services |
| --- | --- | --- | --- | --- |
| CAREY | 1,107,533 | 28 Nov. 1978 | 39 | transportation services; namely, transporting passengers in chauffeur-driven automobiles |
| CAREY and design | 1,375,117 | 10 Dec. 1985 | 39 | transportation services; namely, transporting passengers in chauffeur-driven automobiles |

9. Since at least as early as February 1, 1939, Plaintiff has been using the CAREY name and the CAREY Registered Word Mark in connection with the transporting of passengers

in chauffeur-driven automobiles. Plaintiff has been using the Registered CAREY Design Mark in connection with the same transportation services since March 15, 1973. Plaintiff's advertising and promotional materials for its services, including without limitation its web site, located at www.carey.com, display the CAREY name and the Registered CAREY Marks.

10. Plaintiff's CAREY name and the Registered CAREY Marks are widely recognized by the general consuming public of the United States as a designation of source of Plaintiff's chauffeur services. Plaintiff's commercial success and substantial customer base are the result of its commitment to the highest quality, which is symbolized by the CAREY name and the Registered CAREY Marks.

11. Defendant Carey Limo Service Inc. advertises and provides chauffeur-driven limousine services.

12. Despite Plaintiff's rights in the CAREY name and the Registered CAREY Marks, and without Plaintiff's consent, Defendant registered the domain name "careylimoservice.com" on July 6, 2010, and incorporated in Massachusetts under the name "Carey Limo Service Inc." on August 12, 2010. A true and correct copy of Defendant's Articles of Organization is attached hereto as Exhibit C. At or about the same time, Defendant began advertising and providing its limousine services under the name "Carey Limo Service Inc." A true and correct copy of Defendant's home page on its web site is attached hereto as Exhibit D.

13. The CAREY name and the Registered CAREY Marks were all distinctive at the time Defendant registered its domain name, incorporated itself, and began advertising and providing its services.

14. As between (a) Defendant's corporate and domain names, and (b) the CAREY name and the Registered CAREY Marks, confusion is unavoidable and has already occurred.

Defendant's domain name is substantially similar to the CAREY name and the Registered CAREY Marks. Carey is the dominant feature of both the domain name and the corporate name of Defendant.

15.   Defendant registered its domain name with a bad faith intent to profit from the CAREY name and the Registered CAREY Marks.

16.   Defendant does not have any trademark or other intellectual property rights in the CAREY name or the Registered CAREY Marks.

17.   Defendant's domain name does not consist of the legal name of Defendant or a name that is otherwise commonly used to identify Defendant.

18.   Defendant had never, before its unlawful registration of careylimoservice.com, engaged in the bona fide offering of any goods or services in connection with this domain name.

19.   Defendant has a bad faith intent to profit from its domain name.

20.   Because the Registered CAREY Marks are registered on the Principal Register of the U.S. Patent and Trademark Office, Defendant is charged as a matter of law with knowledge of the prior rights of Plaintiff in and to the CAREY name and the Registered CAREY Marks as of the time of its commencement of the wrongful use of the name "Carey Limo Services, Inc."

21.   Defendant's use of its domain and corporate names is a false designation of origin and representation of fact, which is likely to cause, and has caused, confusion and to cause, and has caused, mistake, and to deceive, and has deceived, as to the affiliation, connection or association of Defendant with Plaintiff.

22.   Defendant's use of the name and mark CAREY, including without limitation in its domain and corporate names, infringes the CAREY name and the Registered CAREY Marks, is injuring Plaintiff's business reputation, and is diluting the distinctive quality of the CAREY

name and the Registered CAREY Marks.

23.    Defendant's use of the CAREY name, including without limitation in its domain and corporate names, is likely to cause, and has caused, confusion in the marketplace among Plaintiff's customers, potential customers, and others, and is likely to cause, and has caused, mistake, or to create, and has created, the false impression that there is an affiliation, connection, or association of Defendant with Plaintiff, or to deceive, and has deceived, as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

24.    Because Plaintiff has been using the CAREY name and the Registered CAREY Word Mark for more than 71 years and the Registered CAREY Design Mark for more than 37 years, Defendant's tacking-on of the descriptive (of the very services that Plaintiff provides!) words "Limo Service Inc." to the name and mark CAREY in order to form its domain and corporate names does nothing to distinguish its domain and corporate names from the CAREY name and the Registered CAREY Marks, or to reduce the likelihood of confusion, but rather increases the likelihood of confusion.

25.    Defendant's wrongful activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business reputation and good will in the CAREY name and the Registered CAREY Marks.  Plaintiff has no adequate remedy at law.

## COUNT I
## FEDERAL STATUTORY SERVICE MARK INFRINGEMENT

26.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 as if fully set forth herein.

27.    The actual, knowing, and unauthorized use by Defendant of its domain and corporate names is intended, and is likely, to cause confusion, or to cause mistake, or to deceive

because of their colorable imitation of the Registered CAREY Marks.

28. Such acts of Defendant constitute infringement in violation of section 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1).

29. By reason of such acts of Defendant, Plaintiff does and will suffer damages and irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court; Plaintiff is without an adequate remedy at law.

## COUNT II
## FEDERAL STATUTORY CYBERPIRACY

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. The acts of Defendant constitute cyberpiracy in violation of section 43(d) of the Federal Trademark Act, 15 U.S.C. § 1125(d).

32. By reason of such acts of Defendant, Plaintiff does and will suffer damages and irreparable harm unless Defendant is ordered to transfer its domain name to Plaintiff and otherwise preliminarily and permanently enjoined by this Court from its wrongful acts; Plaintiff is without an adequate remedy at law.

## COUNT III
## FEDERAL STATUTORY DILUTION

33. Plaintiff repeats and realleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Defendant's actual, knowing, and unauthorized use of its domain and corporate names that are colorable imitations of the CAREY name and the famous Registered CAREY Marks is likely to cause dilution by blurring or tarnishment or both of the famous Registered CAREY Marks.

35. By its actions, Defendant willfully intends to trade on the recognition of the CAREY name and the famous Registered CAREY Marks.

36. By its actions, Defendant willfully intends to harm the reputation of the CAREY name and the famous Registered CAREY Marks.

37. Such acts of Defendant constitute dilution in violation of section 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c).

38. By reason of such acts of Defendant, Plaintiff does and will suffer damages and irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court; Plaintiff is without an adequate remedy at law.

## COUNT IV
## FEDERAL STATUTORY UNFAIR COMPETITION

39. Plaintiff repeats and realleges the allegations of paragraphs 1 through 38 as if fully set forth herein.

40. Defendant, by its actual, knowing, and unauthorized use of its domain and corporate names that are colorable imitations of the CAREY name and the Registered CAREY Marks, is making false and misleading representations about the source of Defendant's services and Defendant's relationship with Plaintiff.

41. Such acts of Defendant constitute unfair competition in violation of section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

42. By reason of such acts of Defendant, Plaintiff does and will suffer damages and irreparable harm unless Defendant is preliminary and permanently enjoined; Plaintiff is without an adequate remedy at law.

## COUNT V
## STATE COMMON LAW TRADE NAME, SERVICE MARK INFRINGEMENT

43. Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

44. The actual, knowing, and unauthorized use by Defendant of its domain and corporate names that are colorable imitations of the CAREY name and the Registered CAREY Marks is intended, and is likely, to cause confusion, or to cause mistake, or to deceive.

45. Such acts of Defendant constitute trade name and service mark infringement in violation of the common law of the Commonwealth of Massachusetts.

46. By reason of such acts of Defendant, Plaintiff does and will suffer damages and irreparable harm unless Defendant is preliminarily and permanently enjoined; Plaintiff is without an adequate remedy at law.

## COUNT VI
## STATE STATUTORY UNFAIR COMPETITION AND DILUTION

47. Plaintiff repeats and realleges the allegations of paragraphs 1 through 46 as if fully set forth herein.

48. Defendant is knowingly and willfully making false and misleading representations to the public about the source or sponsorship of its services, and its knowing and willful use of domain and corporate names that are colorable imitations of the CAREY name and the Registered CAREY Marks without the consent of Plaintiff is likely to cause confusion, or to cause mistake, or to deceive, and, furthermore, is likely to injure the business reputation of Plaintiff and to dilute the distinctive quality of the CAREY name and the Registered CAREY Marks.

49. Such acts of Defendant constitute unfair competition under Mass. Gen. Laws Ch.

93A, §§ 2 and 11, and dilution under Mass. Gen. Laws ch. 110H, § 13.

50. By reason of such acts of Defendant, Plaintiff does and will suffer damages and irreparable harm unless Defendants are preliminarily and permanently enjoined by this Court; Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays:

A. On its first count, that the Court find that Defendant's acts constitute service mark infringement in violation of section 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1).

B. On its second count, that the Court (1) find that Defendant's acts constitute cyberpiracy in violation of section 43(d) of the Federal Trademark Act, 15 U.S.C. § 1125(d), and (2) require Defendant to transfer its domain name to Plaintiff.

C. On its third count, that the court find that Defendant's acts constitute dilution in violation of section 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c).

D. On its fourth count, that the Court find that Defendant's acts constitute unfair competition in violation of section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

E. On its fifth count, that the Court find that Defendant's acts constitute trade name and service mark infringement in violation of the common law of the Commonwealth of Massachusetts.

F. On its sixth count, that the Court find that Defendant's acts constitute (1) unfair competition in violation of Mass. Gen. Laws ch. 93A, §§ 2 and 11, and (2) dilution in violation of Mass. Gen. Laws ch. 110H, § 13.

G. On each count,

(1) that the Court issue a short notice of hearing on Plaintiff's "Motion by Plaintiff Carey International, Inc., for Preliminary Injunction," and after hearing, enter a

preliminary injunction substantially in the form of the Proposed Preliminary Injunction attached hereto;

(2) that after trial, the Court issue a permanent injunction restraining and enjoining Defendant, their agents, servants, employees, successors and assigns and all others in concert or participation with them from using the CAREY name, the Registered CAREY Marks, or any other word or combination of words that is confusingly similar thereto, in any form or style, whether alone or in combination with any other letters, symbols or designs, either in connection with the registration of a domain name or as a trademark, service mark, or trade name.

(3) that the Court determine what damages were sustained by Plaintiff and enter judgment for that amount against Defendant to the fullest extent permitted by law (including without limitation statutory or treble damages), plus interest, costs, and attorneys' fees.

(4) That the Court order such other and further relief as may be just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this action of all issues triable by jury in this matter.

> Respectfully submitted,
>
> CAREY INTERNATIONAL, INC.,
>
> By its attorneys,
>
>  /s/ Eric P. Magnuson
> Peter Nils Baylor (BBO #033920)
> Eric P. Magnuson (BBO #643805)
> Derek P. Roller (BBO # 675520)
> Nutter, McClennen & Fish, LLP
> Seaport West
> 155 Seaport Boulevard
> Boston, MA  02210-2604
> (617) 439-2000

Dated:  December 13, 2010

1968553.3