```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CAREY INTERNATIONAL, INC.      )
     Plaintiff,                )
                               )
                               )
          v.                   )  C.A. No. 10-12142-MLW
                               )
                               )
                               )
CAREY LIMO SERVICE INC.        )
     Defendant.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 21, 2011

On December 13, 2010, plaintiff commenced this case alleging that defendant is engaged in unauthorized use of plaintiff's federally registered service marks, including "CAREY." Plaintiff also filed a Motion for Preliminary Injunction. Defendant is a Massachusetts corporation.

On December 13, 2010, plaintiff attempted to serve process on defendant by delivering a copy of the complaint and summons to the address listed on defendant's articles of incorporation. However, that address is a rented mailbox in a Massachusetts UPS store at which no officer or employee of defendant is present. Plaintiff chose to serve process on a UPS desk clerk who was in the store at the time. Plaintiff subsequently corresponded and spoke by telephone with a person named "Borris" in New York who claimed to be a messenger for "Mr. Erlich," the president, director, treasurer, and secretary of defendant. However, "Borris" disclaimed any responsibility for defendant. On December 15, 2010, plaintiff

filed a Motion Seeking Declaration of Effective Service. It argues that service on the UPS employee, augmented by the correspondence and telephone conversations with "Borris," was sufficient to effectuate service of process pursuant to either Federal Rule of Civil Procedure 4(h)(1)(A) or 4(h)(1)(B). Plaintiff has since filed a Request for Entry of Default.

Rule 4(h)(1)(A) authorizes service of process on a corporation pursuant to Rule 4(e)(1). Rule 4(e)(1), in turn, authorizes service of process in accordance with state law. As defendant is a Massachusetts corporation, service of process may be achieved pursuant to M.G.L. c. 223, §37, which authorizes serving process on a corporation's "president, treasurer, clerk, resident agent appointed pursuant to section 49 of chapter 156D, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation." Plaintiff contends that the UPS employee qualifies as an "agent" under this provision. However, courts construe the enumerated list of individuals in M.G.L. c. 223, §37 narrowly. See, e.g., Kagan v. United Vacuum Appliance Corp., 357 Mass. 680, 685 (1970); Am. Institute of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 378 (S.D.N.Y. 1998) (collecting cases). Plaintiff cites no authority for the proposition that a desk clerk employed by a private postal box company can qualify as an "agent . . . in charge of [defendant's] business" for purposes

of M.G.L. c. 223, §37. Moreover, M.G.L. c. 223, §37 authorizes a court to issue an order of notice to a defendant corporation upon application by plaintiff if none of the enumerated officers or agents can be located after diligent search. Plaintiff has not sought such an order.

Rule 4(h)(1)(B) authorizes service of process on a corporation's "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Again, plaintiff argues that the UPS desk clerk qualifies as an "agent" of defendant. However, plaintiff offers no case in support of its argument. Indeed, courts have repeatedly held that a receptionist does not ordinarily qualify as a corporation's agent. See, e.g., Grand Ent. Grp. v. Star Media Sales, 988 F.2d 476, 485 (3rd Cir. 1993); Bender v. Nat'l Semiconductor Corp., 2009 WL 2912522, at *3 (N.D. Cal. 2009); Dobbins v. Kroger Co., 2009 WL 2776665, at *1 (N.D. Tex. 2009); see also Charles A. Wright & Arthur R. Miller, 4A Federal Practice and Procedure: Civil 3d §1101, 560-62 (2002).

Accordingly, plaintiff has not served process on defendant in a manner authorized by Federal Rule of Civil Procedure 4. Plaintiff was required to effectuate service by April 12, 2011. See Fed. R. Civ. P. 4(m). Under such circumstances, the court may dismiss the action against defendant or order that service be made within a specified time. Id. The court is ordering plaintiff to effectuate

service by October 21, 2011.

If plaintiff seeks to serve process in accordance with the laws of Massachusetts, including M.G.L. c. 223, §37, it is plaintiff's burden to furnish this court with all the information necessary to do so. <u>See</u> Local Rules of the United States District Court for the District Court of Massachusetts 4.1(C).

As defendant has not yet received notice of this case, plaintiff's Motion for Preliminary Injunction is being denied without prejudice. <u>See</u> Fed. R. Civ. P. 65(a)(1). As defendant has also not been served, plaintiff's Request for Entry of Default is being denied. <u>See</u> Fed. R. Civ. P. 55.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion Seeking Declaration of Effective Service (Docket No. 12) is DENIED.

2. The time for service is EXTENDED until October 21, 2011. If a proper Return of Service is not filed by that date, the case will be dismissed. <u>See</u> Fed. R. Civ. P. 4(m).

3. Plaintiff's Motion for Preliminary Injunction (Docket No. 4) is DENIED without prejudice.

4. Plaintiff's Request for Entry of Default (Docket No 16) is DENIED.

                                                /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE